UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DILLION M. FORREST, | ) |
|               Plaintiff, | ) ) ) |
|     v. | )     No. 4:25-cv-00135-SEB-KMB |
| ST. OF INDIANA, APS, BDDS, MARGARET TIMMEL, T.A. ENTERPRISE, NEW HOPE SERVICES, COMM. INTEGRATION & HABILITATION, KATIE HUFF, K&W, TODD PAXTON, JOHN WERNERT, RESCARE COMMUNITY LIVING, | ) ) ) ) ) ) ) ) ) ) ) ) |
|              Defendants. | ) |

**ORDER**

Plaintiff Dillion M. Forrest, who is proceeding *pro se*, has filed a Complaint [Dkt. 1] without prepaying the filing fee. This Order addresses Mr. Forrest's Second Motion to Proceed *In Forma Pauperis* [Dkt. 8] as well as screens his Complaint.

**Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* [Dkt. 8] is <u>GRANTED</u>. 28 U.S.C. § 1915(e). While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the $350.00 filing fee, the plaintiff remains liable for the full fees. *Robbins v.*

1

*Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). No payment is due at this time.

## Screening the Complaint Under 28 U.S.C. § 1915

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an obligation to ensure that his complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute involves an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for a plaintiff to say that he has been illegally harmed. He must also state enough facts in his complaint for the Court to infer the possible ways in which the named defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that

2

might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as that filed by Mr. Forrest are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

    Here, Mr. Forrest has framed his lawsuit against the State of Indiana ("the State"), Adult Protection Services, Bureau of Developmental Disabilities Service Dist. 8, Margaret Timmel, T.A. Enterprise, New Hope Services, Community Integration & Habilitation, Dr. Katie Huff, KW Keller Williams Realty, Todd Paxton, Dr. John Wernert, and Rescare Community Living as Defendants. As best we can discern, Mr. Forrest alleges as follows: On July 22, 2013, the State "had [him] kidnapped" out of his handicapped-accessible apartment because he would not settle a lawsuit with the State. Compl. at 8. At that time, Mr. Forrest was "awaiting a waiver to remain in [his] own home," but he alleges that Adult Protection Services and eldercare attorney, Ms. Timmel, whom Mr. Forrest maintains had a conflict of interest, "plotted against" him, "[d]enying [his] waiver from [the State] and railroading [him] into [a] nursing home on a level [he] was denied." *Id.* at 8, 9. From 2015 to the present, Mr. Forrest has lived in a group home run by New Hope Services. He alleges that he was previously the victim of guardianship abuse at an unnamed nursing home in Bedford, Indiana, where he was not allowed outside or an opportunity to see his family for 2.5 years. *Id.* at 9. Based on these facts, Mr. Forrest alleges violations of his rights under the Fourth, Fifth, Sixth, Eighth, and

Thirteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and the Fair Housing Act.

To the extent that Mr. Forrest is suing Defendants for violations of his constitutional rights, any such claim must be brought under 42 U.S.C. § 1983, which statute provides that "[e]very person who, under the color of … [law] subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."  It is well-established, however, that "a state and its agencies are not suable 'persons' within the meaning of section 1983."  *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citations omitted).  Accordingly, Mr. Forrest's § 1983 claims against the State and its agencies must be dismissed.  All other Defendants appear to be private individuals or entities and "the Constitution protect[s] citizens from conduct by the government, but not from conduct by private actors, no matter how egregious that conduct might be."  *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009) (citations omitted).  Because Mr. Forrest has failed to allege sufficient facts to support a plausible inference that any of the remaining Defendants took state action, his § 1983 claims against them do not survive dismissal.

With regard to his ADA and Fair Housing Act claims, Mr. Forrest has failed to provide sufficient factual detail to permit the Court to find that he has stated a plausible claim for relief under either statute against any named Defendant.  It is not even clear from Mr. Forrest's allegations who many of the Defendants are, let alone what they are alleged to have done that would subject them to liability.  To the extent that Mr. Forrest's

intends to bring an ADA or Fair Housing Act claim, the factual detail in his amended complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8 [of the Federal Rules of Civil Procedure]," and is thus subject to dismissal. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

## Conclusion

For the reasons given above, Plaintiff's Motion to Proceed *in Forma Pauperis* is GRANTED, but his Complaint, Dkt. 1, is DISMISSED without prejudice.

We will provide Plaintiff an opportunity to file an amended complaint that resolves the deficiencies cited in this entry, if possible. A new complaint should lay out as straightforwardly and with as many concrete details as possible *all* his allegations as to what happened to him, who did what to him, and when it happened so that the Court can determine whether he has alleged a claim upon which relief may be granted. Plaintiff must file an amended complaint WITHIN FORTY (40) DAYS of the date of this Order or this action will be dismissed for good. Additionally, Plaintiff must sign any new pleading he files with his complete signature.

IT IS SO ORDERED.

Date: 10/23/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DILLION M. FORREST
5812 Concord Ct.
Jeffersonville, IN 47130